IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>   v.<br><br>LORNA S. RADER, ALVIN L. RADER,<br>(deceased), BLUE VALLEY<br>COMMUNITY ACTION, Inc., and<br>PACESETTER CORPORATION, et. al.,<br><br>       Defendants. | 4:09cv3180<br><br>ORDER |

IT IS ORDERED that:

1. With the agreement of the Chief Judge and the other district judges, Judge Kopf will handle all magistrate matters for this case. The district judge assigned to try this case has not changed.

2. Defendants Rader, Blue Valley Community Action, and Pacesetter Corporation shall file their response to the plaintiff's amended complaint on or before **November 25, 2009.**

3. Attached is a "Report of Parties' Rule 26(f) Planning Conference." Counsel are directed to meet and confer and <u>file</u> the report by **December 14, 2009**. A final scheduling order will be entered based on the Rule 26(f) report. The Clerk's office shall set a case management deadline for this report.

4. This order applies to the parties, even if they are not represented by counsel.

5. The Clerk's office shall send a copy of this order to the served defendants as follows:

       Lorna S. Rader
       Cairo, NE 68824

Pacesetter Corporation
n/k/a Optimus Corp.
c/o Donald D. Kluthe
4405 S. 96th Street
Omaha, NE 68127

Blue Valley Community Action, Inc.
c/o Joseph F. Chilen, Trustee
510 D Street
P. O. Box 4
Fairbury, NE 68352

Dated: November 9, 2009

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|   |   |   |
|---|---|---|
| Plaintiff, | ) | |
| | ) | : CV |
| v. | ) | REPORT OF PARTIES' RULE 26(f) |
| | ) | PLANNING CONFERENCE |
| Defendant. | ) | |

Counsel for the parties met on _____ in person/by telephone. Representing plaintiff was _____; representing defendant was _____. The parties discussed the case and jointly (except as noted below) make the following report:[1]

I.   Initial Matters:

   A.   <u>Jurisdiction and Venue</u>: The defendant does _____ does not _____ contest jurisdiction and/or venue.  If contested, such position is because:

       1.   Jurisdiction: _____.

       2.   Venue: _____.

   B.   <u>Immunity</u>: The defendant has raised _____ will _____ will not _____ raise an immunity defense.  If so:

       1.   Basis of Immunity Defense: _____.

       2.   The earliest defendant can file a motion to dismiss on the basis of immunity is:_____.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc.  If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

    C.    If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

        1.    The earliest a motion to dismiss or transfer will be filed is:_____.

        2.    The initial discovery, limited to that issue, that will be necessary to file or respond to the motion is _____

_____.

    D.    <u>Rule 11 Certification</u>: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

_____

_____.

II.    Remaining Claims and Defenses:

    A.    <u>Plaintiff's Claims, Elements, Factual Application</u>: The elements of the plaintiff's remaining claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof *and* the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

        1.    CLAIM ONE:_____.

Elements:_____

_____

_____

_____.

Factual Application: _____

_____

_____

_____.

3

     Of these elements, defendant disputes the following numbered elements:_____.

(REPEAT FOR EACH CLAIM)

  B. <u>Defenses</u>. The elements of the remaining affirmative defenses raised by the pleadings are as follows: List each <u>affirmative defense</u> raised or expected to be raised by the defendant(s), the substantive elements of proof for it, *and* how the defendant claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

    1. FIRST DEFENSE:_____.

    Elements:_____

    _____

    _____

    _____.

    Factual Application: _____

    _____

    _____

    _____.

    Of these elements, plaintiff disputes the following elements:

    _____.

(REPEAT FOR EACH DEFENSE)

III. Amending Pleadings; Adding Parties:

  A. The plaintiff does _____ does not _____ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____

_____.

If more than sixty days, the reasons that much time is necessary are

_____.

4

    B.    The defendant does \_\_\_\_\_ does not \_\_\_\_\_ anticipate need to amend pleadings or add parties. If necessary, defendant can file the necessary motions to add parties or amend pleadings by _____.

If more than sixty days, the reasons that much time is necessary are:_____.

    C.    Plaintiff \_\_\_\_\_ will not \_\_\_\_\_ move for class certification. The proposed class is: _____.

The earliest the motion for class certification can be filed is:_____.

IV.    Dispositive Motion Assessment:

    A.    The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: _____.

    B.    The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment:_____.

    C.    The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is _____.

It can be completed, at the earliest, by _____.

V.    Settlement:

    A.    <u>Status/Assessment of Settlement Discussions</u>. Counsel state:

        \_\_\_\_\_ There have been no efforts taken yet to resolve this dispute.

        \_\_\_\_\_ This dispute has been the subject of efforts to resolve it \_\_\_\_\_ prior to filing in court; \_\_\_\_\_ after court filing, but before the filing of this report. Those efforts consisted of:_____.

\_\_\_\_\_ Counsel believe that with further efforts in the *near* future, the case can be resolved, and the court is requested to delay entering an initial progression order for \_\_\_\_\_ days to facilitate immediate negotiations or mediation. Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

\_\_\_\_\_ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients *and* opposing counsel. Mediation \_\_\_\_ will be appropriate in this case at some point; \_\_\_\_\_ will not be appropriate because:_____.

\_\_\_\_\_ This case can be settled, but settlement is not very likely, and negotiations will be difficult because:_____.

\_\_\_\_\_ This case will not be settled because:_____.

B. <u>Next Step</u>. The *minimum* discovery needed to conduct further settlement discussions is: By Plaintiff(s): _____.
By Defendant(s): _____.
This discovery will be completed by _____, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI. Discovery Plan: The parties submit the following plan for their completion of discovery:

A. <u>Subjects for Discovery</u> (i.e., factual issues that discovery may resolve):

_____
_____
_____.

B. <u>Agreed Discovery Procedures</u>:

1. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:_____

_____
_____.

6

Counsel have agreed to the following actions to address that difficulty:_____

_____.

2. Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

   (a) The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;
   (b) The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;
   (c) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;
   (d) Whether reasonable measures have been implemented to preserve such data;
   (e) The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;
   (f) The form and method of notice of the duty to preserve;
   (g) Mechanisms for monitoring, certifying, or auditing custodial compliance;
   (h) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;
   (i) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;
   (j) The anticipated costs of preserving these materials and how such costs should be allocated; and
   (k) The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_____ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

7

    \_\_\_\_\_ The following provisions should be included in the court's scheduling order: _____.

3. Disclosures[2] required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses \_\_\_\_\_ have been completed; \_\_\_\_\_ will be completed by: _____.

4. Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc.). NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it. _____.

5. \_\_\_\_\_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6. \_\_\_\_\_ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

7. \_\_\_\_\_ Depositions will be limited by Rule 30(d)(2), *except* the depositions of _____, which by agreement shall be limited as follows: _____.

8. If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by: _____.

9. The parties stipulate that they will be required to give at least \_\_\_\_\_ days' notice of their intention to serve records/documents or subpoenas on third

---

[2]See note 1, supra.

8

parties, to enable court consideration of them, if necessary, prior to issuance.

10. Other special discovery provisions agreed to by the parties or suggested by either party are: _____

_____

_____.

VII. Trial Scheduling:

A. The parties now anticipate that the case can be ready for trial by _____, 20___, and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: _____

_____.

B. Counsel think that the trial of this case, if necessary, will require _____ trial days.

C. Jury Trial:

1. _____ Having previously demanded jury trial, the plaintiff now waives jury trial. Defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2. _____ Having previously demanded jury trial, the defendant now waives jury trial. Plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

3. _____ The parties disagree on whether trial by jury is available in this case. A motion to strike the _____'s

        demand for jury trial will be filed no later than _____.

VIII.   Other: Other matters to which the parties stipulate and/or which the court should know or consider: _____

_____.

Dated:_____


_____             _____
Counsel for Plaintiff                                     Counsel for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:_____.



s/_____